In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 06-4039

JUANA R. LEGUIZAMO-MEDINA,

*Petitioner*,

*v.*

ALBERTO R. GONZALES, Attorney General
of the United States,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals.

———————

ARGUED MAY 30, 2007—DECIDED JUNE 27, 2007

———————

Before EASTERBROOK, *Chief Judge*, and RIPPLE and
EVANS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Juana Leguizamo-Medina,
a citizen of Mexico, lacks permission to be in the United
States. She applied for adjustment of status as the spouse
of a citizen, Florencio Ybarra, and swore that she was
living with him. At the hearing, however, she gave a
different address—and the agency produced an affidavit
from Ybarra that the "marriage" was a sham, for which he
had been paid. Ybarra withdrew the immediate-relative
petition he had filed on behalf of Leguizamo-Medina, who
nonetheless pressed on, this time with an application for
cancellation of removal under 8 U.S.C. §1229b. By the
time a hearing was held on that application, Ybarra had

recanted and submitted an affidavit stating that the marriage was real—although this second affidavit contradicted Leguizamo-Medina's own description of the marriage. (The affidavit, signed in February 1998, asserted that the couple had lived together since the marriage in January 1997; Leguizamo-Medina testified, however, that she moved out after four months and has not reconciled with Ybarra.) After finding that Leguizamo-Medina is living with and has had a child by a man other than Ybarra, the immigration judge concluded that the marriage was bogus. This meant that Leguizamo-Medina had given false testimony in order to obtain a benefit to which she is not entitled, a disqualifying event because "good moral character" is a statutory requirement for cancellation of removal. See 8 U.S.C. §1229b(b)(1)(B). (The definition of "good moral character" is in 8 U.S.C. §1101(f), and §1101(f)(6) specifies that false testimony negates good moral character.) The Board of Immigration Appeals agreed.

Leguizamo-Medina argues in this court that the IJ should have believed her story (and Ybarra's second affidavit) that the marriage was genuine. There is, however, a jurisdictional problem. Section 242(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. §1252(a)(2)(B)(i), provides:

> Notwithstanding any other provision of law . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title . . . [.]

Leguizamo-Medina wants relief under §1229b, so we must turn to the "except" clause, pointing to subsection (D), which reads:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

This tells us that "questions of law" may be reviewed. But Leguizamo-Medina's brief does not present any question of law. There is no dispute about the meaning of §1101(f)(6), §1229b(b)(1)(B), or any other legal rule.

Instead Leguizamo-Medina makes two factual arguments: first, that the IJ should have believed her testimony rather than Ybarra's and should not have drawn inferences from her living arrangements or the fact that Ybarra is not the father of at least one child born after the marriage; second, that the IJ abused his discretion by declining to grant a continuance so that Ybarra's sister could testify. Neither of these arguments comes within the scope of §242(a)(2)(D), which reserves only pure questions of law. See, e.g., *Cevilla v. Gonzales*, 446 F.3d 658 (7th Cir. 2006). *Cevilla* observes that there is a conflict among the circuits on the question whether factual or discretionary decisions sometimes may be classified as questions of "law"; we held that they may not be, and that only "pure" legal questions (as opposed to characterizations or "mixed" questions) are covered by subsection (D). See also, e.g., *Skorusa v. Gonzales*, 482 F.3d 939 (7th Cir. 2007); *Mireles v. Gonzales*, 433 F.3d 965, 968 (7th Cir. 2006).

Leguizamo-Medina does not address either the statutory language or this court's decisions interpreting it. Her entire argument with respect to jurisdiction reads:

> Notwithstanding section 242(a)(2)(B)(i) of the [Act], this Court has jurisdiction to review the

> decision because it involves findings of fact and questions of law regarding good moral character, and not discretionary issues. *Morales-Morales v. Ashcroft*, 384 F.3d 418, 422 (7th Cir. 2004).

*Morales-Morales* dealt with the statute as it was in 2004, before the Real ID Act of 2005, 119 Stat. 231, 305 (May 11, 2005), substantially amended §242 (8 U.S.C. §1252). The panel in *Morales-Morales* expressed concern that, without some opportunity for judicial review of legal questions, the Attorney General could defy both the statute and the Constitution, and it treated pure questions of law as implied exceptions to the version of §242(a)(2)(B) that preceded the Real ID Act. The 2005 amendments made subsection (a)(2)(B) more comprehensive than it was in 2004 but added subsection (D), which directly addresses the concerns stated in *Morales-Morales*. We must apply the statute now in force, rather than the pre-2005 version, and the existing statute blocks review of arguments such as those that Leguizamo-Medina presents. (For what it is worth, *Morales-Morales* itself noted that the court would not review arguments that immigration judges erred in making findings of fact or managing hearings.)

For reasons that the brief does not disclose, the Attorney General concedes that the argument about the denial of a continuance is within our jurisdiction notwithstanding §242(a)(2)(B)(i). The brief actually says that "Respondent declines to assert that the Court lacks jurisdiction over this issue", as if subject-matter jurisdiction were something that litigants may waive or forfeit when they think that it would be easier to decide the merits. That's not right. See *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998). Subject-matter jurisdiction always comes ahead of the merits.

Perhaps the agency's lawyer has confused §242(a)(2)(B)(i) with §242(a)(2)(B)(ii), which says (again

subject to the proviso in subsection (D)) that there is no judicial review of

> any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

The agency's lawyer refers to opinions such as *Ahmed v. Gonzales*, 465 F.3d 806 (7th Cir. 2006), and *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004), which hold that when the *relief* the alien wants is a continuance—for example, deferral of final decision until the Department of Labor decides whether to issue a certification that the alien has skills justifying a long-term stay in this country—an IJ's decision to enter a removal order without waiting is not the sort of discretion of which §242(a)(2)(B)(ii) speaks.

What §242(a)(2)(B)(ii) means is a difficult question that another panel has under advisement following the submission of supplemental briefs that were invited so that the court may clear up any confusion and inconsistency in our decisions. See *Ali v. Gonzales*, No. 06-3240 (argued Feb. 22, 2007). The agency's current understanding is that §242(a)(2)(B)(ii) does not bar review of continuances because the discretion to grant or deny such motions is not a product of "this subchapter", a phrase that the agency now submits limits §242(a)(2)(B)(ii) to *statutory* grants of discretion. That subject need not detain us, however, because it is §242(a)(2)(B)(i) rather than §242(a)(2)(B)(ii) that applies to Leguizamo-Medina's situation. The effect of §242(a)(2)(B)(i) does not depend on whether discretion has been delegated by a particular statute (or whether any discretion at all has been exer-

cised); it forecloses *all* review of decisions denying requests for cancellation of removal.

When an alien seeks not deferral of final decision, but just an opportunity to present more evidence, it is difficult to see how one could "review the denial of a continuance" at all. The thing being reviewed (when review is authorized) is the agency's final decision (here, a decision not to cancel the petitioner's removal). In an appeal from a district court, we don't "affirm the order sustaining the hearsay objection" or anything similar; we review the final decision (see 28 U.S.C. §1291) to determine whether the steps leading to that decision were erroneous (and, if erroneous, whether they were harmless). Just so here—with the difference that §242(a)(2)(B)(i) puts the decision beyond review, and thus insulates the choices leading to that decision. When a decision is unreviewable, any opinion one way or the other on the propriety of the steps that led to that decision would be an advisory opinion. See, e.g., *Powerex Corp. v. Reliant Energy Services, Inc.*, No. 05-85 (S. Ct. June 18, 2007), slip op. 11; *Daniels v. Liberty Mutual Insurance Co.*, No. 06-3508 (7th Cir. Apr. 19, 2007), slip op. 5-6.

That would be clear enough if the agency's decision were unreviewable because Leguizamo-Medina had neglected to file a timely petition for review. She could not ask us to "review the denial of a continuance" anyway, even though our views about the continuance could not affect the agency's order. What is true about a decision that cannot be reviewed because the petition is untimely is equally true about a decision that cannot be reviewed because of a statute such as §242(a)(2)(B)(i).

Subsection (D) could in principle allow review of a final order to determine whether procedural errors along the way to decision violated the alien's constitutional or statutory rights. After all, it preserves review of "questions of

law," and one applicable law is 8 U.S.C. §1229a(b)(4)(B), which entitles an alien to a "reasonable opportunity . . . to present evidence" at the hearing. An immigration judge who thought that continuances are never appropriate, or who scheduled the hearing knowing that the date would make vital evidence unavailable, would deny the alien a reasonable opportunity to present evidence. Leguizamo-Medina does not contend, however, that the immigration judge managed the hearing in a way that deprived her of the required "reasonable opportunity." The date was set well in advance, and the immigration court regularly grants motions to reset the date for the convenience of counsel and witnesses. It requires, however, that such motions be presented 14 days in advance—a prudent step that allows the court to use all available time efficiently rather than be left with nothing to do if a hearing is cancelled at the last minute. Other aliens are waiting in a long queue for hearings, and adhering to schedules enables the IJ to use available time to maximum effect. When a hearing is postponed at the last minute, the slot cannot be filled with another alien's case.

Leguizamo-Medina does not contend that the 14-day-notice rule violates §1229a(b)(4)(B). She simply ignores the rule, in this court as in the immigration court. Her motion was made on the day of the hearing, and she has never explained why it could not have been made earlier. Faced with this last-minute motion, which may have been a stalling tactic, the IJ did the sensible thing and asked for an offer of proof. Counsel related what the missing witness would have said; the IJ then held that this evidence, if received in person and fully credited, would not affect the outcome. There's nothing remotely unreasonable about that procedure.

The petition for review is dismissed for want of jurisdiction.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*