NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued July 10, 2007
Decided July 31, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

No. 06-3745

| | |
|---|---|
| BOHDANA ROMANETS,<br>  *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| *v.* | No. A79-777-200 |
| ALBERTO R. GONZALES,<br>  *Respondent*. | |

**O R D E R**

Bohdana Romanets, a Ukrainian citizen, petitions for review of the denial of her application for an adjustment of status under the diversity lottery.  The  Board of Immigration Appeals (BIA) found Romanets statutorily ineligible for an adjustment of status under INA § 212(a)(6)(C)(ii), *see* 8 U.S.C. § 1182(a)(6)(c)(2), because she previously conceded to misrepresenting herself as a United States citizen to border officials.  Romanets challenges the BIA's finding, but this court has no jurisdiction to review factual disputes surrounding an application for an adjustment of status.  We therefore dismiss the petition for review.

In August 2001 Romanets arrived in the United States from Mexico.  Upon her arrival, the Immigration and Naturalization Service (now the Department of

Homeland Security) found Romanets inadmissible on the grounds that she (1) made a false claim to United States citizenship and (2) did not possess valid entry documents. But rather than being turned around at the port of entry, Romanets was interviewed by an asylum officer and then referred to the immigration court. On September 14, 2001, she appeared before an immigration judge with a lawyer and her own interpreter,[1] and, through counsel, conceded removability on both charges, but stated that she would be applying for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). She also requested a change of venue from San Diego to Chicago.

The removal hearing resumed in Chicago in January 2002. Romanets was represented by a new attorney, who did not contest her inadmissability but instead reiterated that Romanets intended to apply for asylum, withholding of removal, and protection under the CAT. The IJ continued the case for three months so that Romanets could complete the application. When removal proceedings resumed in April 2002, Romanets appeared with a third attorney. Once again, counsel did not contest that Romanets was inadmissible for making a false claim to United States citizenship and having arrived without entry documents, but requested additional time to complete Romanets's asylum application. Romanets, through counsel, also notified the IJ that, although her native language is Ukrainian, she spoke fluent Russian and would be able to understand a Russian interpreter.

At Romanets's merits hearing in October 2003, she testified that she became a member of the Green Party in 1999. Aside from attending meetings, Romanets's major function within the party was to distribute leaflets. She described the primary goal of the party as "want[ing] Ukraine to be a democratic country." Romanets stated that she started receiving threatening phone calls in 2001 after she attended a large Green Party rally in Kiev. She claimed that in May 2001 two men, who were waiting outside her apartment, threatened to kill her if she continued to distribute the leaflets. Romanets asserted that this incident, coupled with a threat made against her daughter a few weeks later, caused her to flee Ukraine. She later admitted that she left her daughter in Ukraine and that nothing has happened to her daughter since she left. Romanets also testified that she inadvertently claimed United States citizenship upon her arrival; according to her, she simply repeated the phrase "U.S." that people in front of her were using. But, because she was not officially challenging her previous concessions, the IJ did not conduct an evidentiary hearing to determine the veracity of this assertion.

---

[1] Because of the September 11 attacks, the official Ukrainian language interpreter was unable to fly in for the hearing.

In October 2003 the IJ denied Romanets's application. Noting that Romanets was not a prominent member of the Green Party and did not seem to know basic tenants of the Party, the IJ found her application weak enough to be deemed frivolous under 8 C.F.R. § 208.3(c)(5). Romanets appealed to the BIA, and in February 2005, the BIA dismissed her appeal. Although it rejected the IJ's finding of frivolousness, the BIA agreed that Romanets's testimony was not credible and that she was statutorily ineligible for asylum, withholding of removal, and relief under the CAT.

In May 2005 Romanets moved in the BIA to reopen the case because she had become eligible to receive a visa through the diversity lottery, a program under which people from countries with historically low rates of immigration participate in a lottery that allows the winners to apply for a visa conferring permanent residency. A lottery winner must still meet all other admission requirements, and an alien who has falsely represented herself as a United States citizen would not be eligible for admission. *See Nyaga v. Ashcroft*, 323 F.3d 906, 908 (11th Cir. 2003). But without considering whether Romanets was even admissible, the BIA granted her motion and instructed her to file an application for adjustment of status with the IJ.

At the hearing on that motion on September 16, 2005, the IJ pointed out that Romanets already had conceded inadmissibility on both grounds and was therefore not eligible for an adjustment of status. This issue took the parties by surprise, so the IJ continued the case to give them time to prepare. The next hearing was scheduled for September 20, 2005, and at that time Romanets attempted to withdraw her concession. The IJ noted that the government had agreed to a change of venue from San Diego only because Romanets admitted to the factual allegations in the original notice to appear, including that she had made a false claim to United States citizenship. The IJ concluded that allowing Romanets to withdraw that concession four years later would prejudice the government. Therefore, the IJ refused to allow Romanets to withdraw the concession and held that she was statutorily ineligible for an adjustment of status. The IJ also concluded that she did not merit a favorable exercise of discretion on her application because she arrived without proper entry documents, falsely claimed citizenship, and filed a "frivolous and extremely dubious" asylum request. The IJ denied her application for an adjustment of status and ordered that she be removed to Ukraine.

Romanets appealed, but the BIA affirmed the IJ's decision. Romanets argued that she should not have been bound by her concession that she lied about her citizenship because, she maintained, the proceedings in San Diego, as well as those in Chicago, were not translated into Ukrainian. But the BIA recognized (and the record reflects) that Romanets used her own translator in San Diego and then in Chicago requested translation in Russian, a request that was accommodated. As

such, Romanets could not challenge her concession on that ground. The BIA added that Romanets's attorneys had made a tactical decision to concede removability and that she was bound by their decision.

On appeal Romanets seeks review of the denial of an adjustment of status. We have held that "[a]lthough this Court generally cannot review orders denying applications for adjustment of status. . . we retain jurisdiction to review strictly legal issues, such as whether an immigration hearing complied with the requirements of the INA." *See Skorusa v. Gonzales*, 482 F.3d 939, 942 (7th Cir. 2007). But very recently in *Leguizamo-Medina v. Gonzales*, No. 06-4039, 2007 WL 1827642 (7th Cir. June 27, 2007), we emphasized that the petition for review must present a question of law. *See id.* at *1-2. Here Romanets argues that "[t]he record evidence, when examined in its totality, makes one proposition abundantly clear—namely, that Petitioner lacked the requisite knowledge and intent to misrepresent her identity." This is a factual issue, and because this court has jurisdiction only over "strictly legal issues," jurisdiction is lacking in this case. *See Skorusa*, 482 F.3d at 942.

Even if this court was to reach the merits, Romanets could not prevail. Romanets's sole argument on appeal is that the BIA erred in finding her inadmissible and thus ineligible for an adjustment of status. We will uphold the BIA's denial of relief as long as it is supported by "reasonable, substantial, and probative" record evidence. *See Boci v. Gonzales*, 473 F.3d 762, 766 (7th Cir. 2007) (citation omitted). In this case, the BIA found that Romanets was ineligible for an adjustment of status because, through counsel, she conceded inadmissibility to the United States. Romanets asserts that "the administrative record is totally devoid of *any* reliable evidence that Petitioner ever misrepresented her identity to immigration authorities," but her concession is record evidence. *See Selimi v. INS*, 312 F.3d 854, 860 (7th Cir. 2002) ("Having formally conceded that he was excludable, [the petitioner] may not now contend that the INS's proof of excludability was insufficient."). Romanets also argues that she should not be bound by her attorney's decision to concede removability. This argument is frivolous. Clients are bound by their attorney's decisions. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 449 (7th Cir. 2006); *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986). The BIA found that Romanets's attorneys made a tactical decision to concede removability in order to secure the government's agreement to a change in venue and nothing in the record suggests otherwise.

We DISMISS the petition for review.