NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 13, 2007
Decided October 15, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3221

| | |
|---|---|
| INDU GULATI, *Petitioner,* | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A97-331-330 |
| PETER D. KEISLER, Acting Attorney General of the United States, *Respondent.* | |

**O R D E R**

Indu Gulati—a citizen of India who overstayed her visitor's visa—moved to continue her removal proceedings to allow a potential employer more time to apply for labor certification on her behalf. She argued that the labor certification, if approved, would render her eligible for an employment-based visa and eventually to adjust her status to that of a lawful permanent resident. The immigration judge denied the motion to continue and granted her voluntary departure; the Board of Immigration Appeals affirmed. Gulati appeals.

## Background

Under § 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i), an alien who overstays her visa may nonetheless apply to adjust her status if an employer filed an application for labor certification on her behalf before April 30, 2001. *See Ahmed v. Gonzales*, 465 F.3d 806, 808 (7th Cir. 2006). If the application "was approvable when filed," meaning it was "properly filed, meritorious in fact, and nonfrivolous," then the alien is considered "grandfathered," and the approval of the labor certification application allows her to apply for adjustment of status. 8 U.S.C. § 1255(i)(2); 8 C.F.R. § 245.10(a); *Hadayat v. Gonzales*, 458 F.3d 659, 662 (7th Cir. 2006). Even if the labor certification application is denied or withdrawn, a grandfathered alien may seek to adjust her status on the basis of "any other ground . . . under the Act." 8 C.F.R. § 245.10(i). Although a grandfathered alien must be physically present in the United States to adjust her status, she has no legal right to remain here until a visa becomes available; all that is "grandfathered" is the alien's eligibility to apply for adjustment. 8 U.S.C. § 1255(i)(1); 8 C.F.R. § 245.10(l); *Hadayat*, 458 F.3d at 662-63.

Gulati—who overstayed her non-immigrant visitor visa in 1998—considers herself grandfathered under § 245(i) because some time before April 30, 2001, a California company, Sapron of Fullerton, filed a labor certification application on her behalf. Before the application was approved, however, Sapron of Fullerton went out of business. When the Department of Homeland Security placed Gulati into removal proceedings in 2004, the IJ continued her removal hearing to give her time to submit evidence that the labor certification application was approvable when filed. At the next hearing Gulati submitted a copy of the California labor certification application but advised the IJ that the sponsoring company was no longer in business. The IJ noted that Gulati had not shown that the labor certification application was from a valid company. After conceding removability, Gulati sought another continuance so a potential employer in Illinois could file a new labor certification application on her behalf.

In his oral ruling, the IJ denied the continuance and granted Gulati voluntary departure. Although the IJ initially balked at deciding whether Gulati was grandfathered under § 245(i), he ultimately concluded that "this Court does not find on the basic facts presented that she is even 245(i) eligible." The IJ noted that Gulati had no labor certification application pending and thus determined that the possibility that a future labor certification application would lead to permanent resident status was too speculative to justify a continuance. The IJ also stated that he would deny the continuance "solely in the exercise of discretion because the respondent simply remained in the United States despite entering as a visitor and violat[ing] the immigration laws." Gulati appealed the IJ's order, and the BIA

approved the IJ's rationale for denying the continuance, affirmed the order granting voluntary departure, and dismissed the appeal.

## Analysis

Gulati contends that the IJ abused his discretion in denying her motion to continue the removal proceedings to allow her to file a new labor certification application. But we cannot reach the merits of her argument until we determine whether we have jurisdiction to review the IJ's discretionary denial of Gulati's motion to continue. *See Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). At the time Gulati filed her opening brief, we had only assumed, without deciding, that we generally lack jurisdiction to review an IJ's discretionary decision to deny a continuance in a removal proceeding. *See Subhan v. Ashcroft*, 383 F.3d 591, 595 (7th Cir. 2004). She urged us to retract this assumption and "to assert general subject matter jurisdiction" over an IJ's denial of a continuance. Her argument is precluded by our recent decision in *Ali v. Gonzales*, Nos. 06-3240, 06-3879, 2007 WL 2684825, at *4-*5 (7th Cir. Sept. 14, 2007).

In *Ali* we held for the first time that "the jurisdiction-stripping provision of § 242(a)(2)(B)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), generally precludes judicial review of continuance decisions of immigration judges." *Id.* at *1. Noting that section 242(a)(2)(B)(ii) precludes judicial review of any immigration decision "the authority for which is specified under this subchapter to be in the discretion of the Attorney General," we ruled that the authority to grant or deny a continuance is derived from part of the relevant subchapter—specifically, 8 U.S.C. § 1229a. *Id.* at *4. We further noted that a general jurisdictional bar is consistent with our reasoning in *Leguizamo-Medina*, 493 F.3d at 775, where we held that we lack jurisdiction to review interim orders—such as continuance denials—which lead up to an unreviewable final decision—such as the denial of adjustment of status. *Id.*

Here, Gulati sought a continuance to file a new labor certification application that might allow her to pursue adjustment of status. As in *Ali*, Gulati's motion was leading up to her anticipated petition to adjust status, and thus is unreviewable. *See Ali*, 2007 WL 2684825, at *5. We therefore lack jurisdiction to review the IJ's denial of Gulati's motion to continue unless the decision falls within the limited jurisdictional exception carved out in *Subhan v. Ashcroft*, 383 F.3d 591, 595 (7th Cir. 2004), and *Benslimane v. Gonzales* 430 F.3d 828, 831-32 (7th Cir. 2005), and preserved in *Ali*, 20007 WL 2684825, at *6.

The petitioners in *Subhan* and *Benslimane* sought continuances to await government action on labor certification applications that—through no fault of their

own—were languishing before the Department of Labor. The IJs denied the continuances, observing only that the aliens were not yet eligible for relief. We found jurisdiction to review the denials because they prevented the government from acting on the applications, effectively stripping the petitioners of their eligibility to adjust status. *Benslimane*, 430 F.3d at 832; *Subhan*, 383 F.3d at 595. We held that under those circumstances, the IJ must provide some reasoned explanation for denying the continuance that is consistent with the statute authorizing adjustments to status. *Benslimane*, 430 F.3d at 832; *Subhan*, 383 F.3d at 595. The IJ must go beyond merely citing the government's failure to act, which is just a remark about procedural status. *Benslimane*, 430 F.3d at 832; *Subhan*, 383 F.3d 593-94.

This case parts way from *Subhan* and *Benslimane* because it does not fall within the jurisdictional exception carved out in those cases. Unlike the petitioners in *Subhan* and *Benslimane*, Gulati is not seeking additional time for the government to act on a labor certification or similar application; she concedes that her original application is no longer viable because the sponsoring employer no longer exists. And the IJ specifically found that Gulati's labor certification application was not pending when she sought a continuance. *Cf. Ali v. Gonzales*, 440 F.3d 678, 680 (5th Cir. 2006) (approving denial of continuance where, as here, the alien had no pending labor certification); *Hassan v. I.N.S.*, 110 F.3d 490, 492 (7th Cir. 1997) (noting that visa applicant is only entitled to the IJ's favorable discretion when visa petition is pending adjudication). Thus it was not government inaction that cut off Gulati's eligibility to adjust status, but her lack of a viable labor certification application.

Although Gulati assumes throughout her brief that she is grandfathered under § 245(i)—and therefore eligible to file a new labor certification application even though the first is no longer pending—the IJ said in his oral ruling that he did "not find on the basic facts presented that she is even 245(i) eligible." He said that Gulati had not shown that the California labor certification application was approvable when filed because she had not shown that the sponsoring company was a valid business. Gulati's failure to mention that finding—let alone challenge it—either before the BIA or in her petition in this court, waives any challenge to that aspect of the IJ's ruling. *See Huang v. Gonzales*, 403 F.3d 945, 951 (7th Cir. 2005). Given the IJ's unchallenged finding that she is not eligible to file a new application for labor certification, the denial of her request for a continuance does not arbitrarily strip Gulati of a Congressionally-conferred benefit. *See* 8 U.S.C. § 1255(i); 8 C.F.R. § 245.10(a)(3). Thus the denial does not fall within *Subhan*'s exception to the general bar against jurisdiction.

Gulati raises one argument that does not fall within *Ali*'s jurisdictional bar; she argues that the IJ violated her constitutional right to due process by prejudging her eligibility to adjust status. Specifically, she challenges the propriety of the IJ's statement that "this court would not grant permanent resident status in the future in the exercise of discretion, solely based upon [Gulati]'s delaying her departure from the United States by filing a frivolous appeal." Gulati neglects to mention that the BIA specifically disapproved of the IJ's statements, but found the error harmless because Gulati's eligibility to adjust status "in the future" was not an issue presently before the IJ. Gulati does not explain why the error was anything other than harmless, and accordingly, her due process claim is meritless. *See Szczesny v. Ashcroft*, 358 F.3d 464, 465 (7th Cir. 2004).

Accordingly, we DISMISS the petition with respect to Gulati's challenge to the denial of her motion for a continuance and DENY the petition with respect to Gulati's constitutional challenge.