In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2144

JANKO BRANKO JANKOVIC,

*Petitioner*,

*v.*

LORETTA E. LYNCH, Attorney General of the United States,

*Respondent*.

Petition for Review of a Decision of the
Board of Immigration Appeals
No. A079-929-194

ARGUED DECEMBER 9, 2015 — DECIDED FEBRUARY 3, 2016

Before EASTERBROOK and HAMILTON, *Circuit Judges*, and
PALLMEYER, *District Judge*.[*]

EASTERBROOK, *Circuit Judge*. Janko Jankovic, a citizen of
Bosnia and Herzegovina, was admitted to the United States
as a refugee in 2003 but has been ordered removed on the
ground that he obtained that status by fraud. He had re-

---

[*] Of the Northern District of Illinois, sitting by designation.

ceived permanent-residence status in 2005, but the fraud (which Jankovic concedes committing) authorized his removal. See 8 U.S.C. §1182(a)(6)(C)(i). He sought a waiver on the ground that his removal would cause extreme hardship for his wife Dragana, who was admitted with him in 2003 and became a U.S. citizen in 2009. See 8 U.S.C. §1182(i).

An Immigration Judge rejected that request on two grounds: that Dragana would not suffer extreme hardship; and that, even if his wife would suffer hardship, his history of lying to immigration officials (the fraud used to obtain entry is just part of a pattern) leads to the exercise of discretion against relief. The IJ also discussed a third issue—whether Jankovic had committed war crimes during the Bosnian conflict by assisting in the persecution of ethnic minorities, rendering him inadmissible under a proviso to 8 U.S.C. §1101(a)(42); see also Presidential Proclamation No. 8697 §1(b), 76 Fed. Reg. 49277 (Aug. 4, 2011)—but stated that he did not need to reach a final conclusion on that subject. The Board of Immigration Appeals approved this decision.

Jankovic cannot prevail in this court without upsetting both of the IJ's grounds, for either of them is adequate to support removal. Yet his brief ignores the second ground, and what's more we lack jurisdiction to review the agency's discretionary decisions, which puts both rationales off limits. 8 U.S.C. §§ 1182(i)(2), 1252(a)(2)(B)(i). See, e.g., *Jiménez Viracacha v. Mukasey*, 518 F.3d 511 (7th Cir. 2008); *Leguizamo-Medina v. Gonzales*, 493 F.3d 772 (7th Cir. 2007).

Nonetheless, Jankovic maintains that we should review the issue that the IJ did *not* decide: whether he committed war crimes. Admissibility usually is a legal issue, and §1252(a)(2)(D) permits courts to review the agency's legal

conclusions. For that kind of review to be permissible, however, the legal conclusion must make a difference, as otherwise the court would be rendering an advisory opinion. Legal issues cannot be reviewed when there is only one judgment, and a discretionary decision supports that judgment no matter the answer to the legal contentions. See *Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 235–36 (2007). Given the IJ's two rationales, the admissibility question does not matter to the outcome. Jankovic's contention that something special about immigration law requires a court to review all legal issues, even when a non-reviewable discretionary judgment controls the outcome, is incompatible with *INS v. Bagamasbad*, 429 U.S. 24 (1976), which held that a court or agency need not resolve a legal contention that does not affect the outcome.

Jankovic presents a second line of argument that he says is within our authority under §1252(a)(2)(D). He contends that the IJ erred by receiving the expert testimony of Michael MacQueen even though the agency had not furnished him, before the hearing, with a written narrative describing MacQueen's conclusions. Jankovic appears to contend that MacQueen's testimony affected all of the IJ's rationales, which if so would avoid any risk of the court's rendering an advisory opinion, but as far as we can tell MacQueen's testimony concerned only the agency's contention that Jankovic committed war crimes. MacQueen testified as an expert on the Bosnian War and, in particular, on the activities of the brigade in which Jankovic was a sergeant. MacQueen's testimony does not concern how Jankovic's removal would affect his wife or whether his habit of lying affects his suitability for favorable treatment. This means that any error in re-

ceiving MacQueen's testimony did not matter to the outcome.

Let us assume that this is wrong, however. Still Jankovic cannot prevail, because he does not identify any statute, rule, or decision by the BIA that requires a pre-hearing written summary of proposed expert testimony. The Constitution does not compel pretrial discovery even in criminal litigation. *Weatherford v. Bursey*, 429 U.S. 545 (1977). Federal rules do require summaries of expert testimony in both civil and criminal litigation, see Fed. R. Civ. P. 26(a)(2); Fed. R. Crim. P. 16(a)(1)(G), but those rules do not apply to administrative hearings.

Although no rule with legal effect requires pre-hearing disclosures, the Immigration Court Practice Manual §3.3(g) urges litigants to include written summaries with witness lists, in order to reduce risk that the IJ will need to grant a continuance to allow additional preparation. The agency's counsel listed MacQueen as a potential witness, with this description: "Mr. Macqueen is expected to testify regarding the respondent's service in the Republika Srpska Special Police Brigade." Jankovic thinks this inadequate. More than a year before the hearing, Jankovic's lawyer asked the IJ to exclude MacQueen's proposed testimony and for permission to present a rebuttal expert. The IJ denied the former motion but granted him leave to present a rebuttal expert. Shortly before the hearing, the agency's lawyer orally described MacQueen's planned testimony, and Jankovic said on the record that this proffer satisfied his concerns. After MacQueen testified, Jankovic did not put on a rebuttal witness or request a continuance to allow additional time for that purpose. That failure, coupled with his concession that

the oral description sufficed, likely waives his current line of argument, see *Skorusa v. Gonzales*, 482 F.3d 939, 942 (7th Cir. 2007), but even if it doesn't we've explained why the argument does not carry the day.

The petition for review is dismissed for want of jurisdiction.