NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 5, 2016
Decided November 3, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-3160

| | |
|---|---|
| LUIS FLORES-ANDRADE, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A205-278-576 |
| | |
| LORETTA E. LYNCH, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Luis Flores-Andrade, a 45-year-old Mexican citizen, petitions for review of an order of the Board of Immigration Appeals upholding an immigration judge's denial of his request for cancellation of removal, *see* 8 U.S.C. § 1229b(b). The Board agreed with the IJ's conclusion that Flores-Andrade was ineligible for relief because he had left the United States for more than 90 days, *see* 8 U.S.C. § 1229b(d)(2). Flores-Andrade contends that he returned before the 90-day cutoff. We dismiss Flores-Andrade's petition for review in part for lack of jurisdiction and deny the remainder of the petition.

Flores-Andrade entered the United States from Mexico without authorization in 1987 and eventually settled down in Elgin, Illinois. This case turns on a trip he made to Mexico in the winter of 2011-12. Flores-Andrade testified that he left the United States in late December 2011; more than 90 days later, on April 5, 2012, he was picked up by Border Patrol officers near Laredo, Texas. Flores-Andrade then received notice that he was subject to removal under 8 U.S.C. § 1182(a)(6)(A) as an alien present in the United States without authorization. He conceded removability and applied for cancellation of removal under 8 U.S.C. § 1229b.

Cancellation of removal is a discretionary form of relief available to some nonpermanent residents. To be eligible, applicants must establish "continuous physical presence" in the United States for at least 10 years, with no absences exceeding 90 days at once or 180 days in total; have "good moral character"; show that they have not been convicted of certain immigration offenses; and demonstrate that their removal would cause "exceptional and extremely unusual hardship" to a U.S.-citizen or permanent-resident spouse, parent, or child. 8 U.S.C. § 1229b(b), (d)(2).

An IJ held a hearing to determine whether Flores-Andrade had met the first criterion—whether his trip to Mexico at the end of 2011 exceeded the 90-day limit. Flores-Andrade testified to leaving the United States on December 28, 2011. To qualify for relief, he therefore would have had to return by March 27, 2012. The government submitted a Form I-213 ("Record of Deportable/Inadmissible Alien"), completed by a Border Patrol officer on the day of Flores-Andrade's capture in Texas, which reported Flores-Andrade as saying that he had waded across the Rio Grande into the United States on April 3, 2012. At his hearing, however, Flores-Andrade testified that he had since reviewed unspecified "records" and believed that he actually had returned on March 16 instead of April 3. When pressed to identify what documents he checked, Flores-Andrade clarified that on March 16 his son had seen a website showing a "picture" of him in custody. But Flores-Andrade also acknowledged that he did not clearly recall his exact date of return.

The IJ dismissed Flores-Andrade's application for cancellation of removal, finding no documentary or other credible evidence to support a return date of March 16. Flores-Andrade, the IJ added, admitted on cross-examination "virtually all of the narrative" on the I-213 form.

The IJ's decision was upheld by the Board of Immigration Appeals, which determined that Flores-Andrade failed under the REAL ID Act to supply reasonably

obtainable documentary evidence to corroborate his claim of re-entering the country on March 16. The REAL ID Act, enacted in 2005, provides IJs "substantial leeway" to require applicants seeking relief from removal to present evidence that corroborates otherwise credible testimony so long as the evidence is reasonably obtainable. *See* REAL ID Act, Pub. L. No. 109–13, Div. B, Title I, § 101, 119 Stat. 231, 304–05 (2005) (codified as amended at 8 U.S.C. § 1229a(c)); *Darinchuluun v. Lynch*, 804 F.3d 1208, 1214 (7th Cir. 2015). Flores-Andrade, the Board explained, failed to submit any documentary evidence in support of his claim, even though the IJ twice informed him before the final hearing that he needed to supply evidence regarding the timing of his departure and re-entry into the United States. The Board also found the Form I-213 to be presumptively reliable, especially given Flores-Andrade's acceptance of "virtually the entire contents" of the Form.

In his petition Flores-Andrade first argues that the IJ (and the Board) "improperly shifted the burden of proof" for establishing his eligibility for relief. He disagrees with the conclusion that he was required to prove that he returned to the United States within 90 days of leaving in December 2011; his only burden, he says, was to prove that he had resided in the country for at least ten years. In support, he cites *Lopez-Esparza v. Holder*, 770 F.3d 606 (7th Cir. 2014), which he reads as relieving a petitioner from having to prove exact dates of entry and exit in order to show continuous physical presence in the country. In that decision, we granted the petition of a Mexican citizen who could not recall the "exact start and end dates" of three trips he made to Mexico; the IJ applied the wrong burden of proof, we concluded, because the travel dates did not affect the outcome of whether he had been away from the United States for a total of more than 180 days. *Lopez-Esparza*, 770 F.3d at 607–08. But this case is different in that Flores-Andrade's exact date of re-entry does affect the outcome; he testified to one date of re-entry within the 90-day limit, while the government presented evidence showing a different date outside the limit. *Lopez-Esparza* itself recognized that the *petitioner* has the burden of proving that he has not exceeded the time limits for continuous physical presence. *Id*. at 608. ("The judge should have asked himself whether it was more likely than not that Lopez-Esparza had not exceeded the limit[.]"); *see also* 8 U.S.C. § 1229a(c)(4)(B); § 1229b(b)(1)(A), (d)(2). The IJ and the Board both properly found that Flores-Andrade failed to carry that burden.

Flores-Andrade next challenges the finding that he should have supplied evidence corroborating his purported March 16 return date, asserting that it is unrealistic to require someone who entered the United States illegally to do so. But under the REAL ID Act, an IJ may require a petitioner to supply reasonably obtainable

corroborating evidence to meet his burden of proving eligibility for relief. 8 U.S.C. § 1229a(c)(4)(B); *Darinchuluun*, 804 F.3d at 1214. We lack jurisdiction to review the factual determinations underlying the IJ's decision to require corroborating evidence, such as whether evidence was reasonably obtainable. 8 U.S.C. § 1252(a)(2)(B); *Adame v. Holder*, 762 F.3d 667, 671–72 (7th Cir. 2014). We review only pure questions of law in the context of cancellation-of-removal petitions, and the decision to require corroborating evidence is a "mixed" rather than "pure" question of law. *Adame*, 762 F.3d at 672.

Flores-Andrade also objects to the IJ's decision to credit the information recorded on the Form I-213. He contends that the form's contents, including its stated return date of April 3, are unreliable because they contain "hearsay within hearsay," since the form's author did not testify at the hearing. But we have recognized Form I-213 as being presumptively reliable and admissible without cross-examination of its author. *See Antia-Perea v. Holder*, 768 F.3d 647, 658 (7th Cir. 2014); *Barradas v. Holder*, 582 F.3d 754, 763–64 (7th Cir. 2009). The form's reliability may be called into question in narrow circumstances, *see Pouhova v. Holder*, 726 F.3d 1007, 1013–15 (7th Cir. 2013) (Form I-213 unreliable because of seven-year delay between reported interview and form's preparation, unavailability of third-party sources for cross-examination, and inconsistencies between facts described in form and in other evidence of record), but Flores-Andrade does not meaningfully argue that any such circumstances apply here. And to the extent Flores-Andrade disagrees with the IJ's decision to credit the form over his testimony, disagreements with the weighing of the evidence present factual, not legal, questions, and thus are beyond our jurisdiction. *See Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 773–774 (7th Cir. 2007).

Flores-Andrade also challenges several aspects of the IJ's decision not to "credit" his testimony, but such challenges are beside the point because the Board did not rely in any way on the IJ's credibility finding. The Board based its decision instead on his failure under the REAL ID Act to corroborate his claim that he returned to this country in a timely fashion. In any event, credibility determinations are also fact questions that also fall outside this court's jurisdiction. *Boadi v. Holder*, 706 F.3d 854, 860 (7th Cir. 2013).

We therefore DISMISS the portions of the petition for review challenging factual findings of the IJ and the Board for lack of jurisdiction and DENY the remainder of the petition for review.