**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted January 11, 2022[*]

Decided January 13, 2022

Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2187

IRWIN MENCHACA-FLORES,
    *Petitioner*,

        *v.*

MERRICK B. GARLAND, Attorney General,
    *Respondent*.

Petition for Review of a Decision of the Board of Immigration Appeals.

No. A209-413-347

**Order**

    Irwin Menchaca-Flores has been convicted of an aggravated felony and ordered removed to Mexico. He did not contest removability but applied for withholding of removal on the ground that, as a tattooed former gang member, he would be at substantial risk in that nation. An Immigration Judge found that Menchaca-Flores, who offered no evidence other than his own testimony, had not established that his risk would

---

[*] This case was set for remote oral argument, but counsel for Menchaca-Flores was unable to participate by either audio or video. The panel decided to resolve the case on the briefs and record.

exceed the dangers faced by the populace of any nation with a high crime rate. The Board of Immigration Appeals agreed with that assessment.

In this court Menchaca-Flores contends that the IJ and BIA slighted his testimony that two federal agents, when seeking his cooperation in prosecutions of other criminals, told him that his tattoos and gang affiliation would expose him to harm in Mexico. Menchaca-Flores did not put either of these agents on the stand or provide an affidavit from either of them; instead he testified about what, he contends, they told him. The BIA replied: "neither an Immigration Judge nor the Board is bound by statements made by … [a] government employee to an alien." That's right. Hearsay accounts of third parties' unsupported beliefs are not useful evidence. The IJ and BIA were entitled to insist that Menchaca-Flores support his claim by probative evidence, not just by his testimony that someone else told him about a view that, for all this record shows, lacks any basis.

Menchaca-Flores faces a further problem: although most aliens are entitled to relief if they can show that the agency's decision is unsupported by substantial evidence, an alien who has been convicted of an aggravated felony can obtain judicial review only by showing that the agency made a legal error. Compare 8 U.S.C. §1252(a)(2)(C) with §1252(a)(2)(D). Menchaca-Flores contended in his reply brief that the absence of substantial evidence—or what he calls a failure to discuss the beliefs that he attributes to the federal agents—is a legal error. Not so. There is a fundamental difference between legal and factual arguments, and insufficient support for a decision is on the factual side. See, e.g., *Leguizamo-Medina v. Gonzales*, 493 F.3d 772 (7th Cir. 2007). The Board discussed the statements imputed to these agents; it did not ignore any argument. But it was not persuaded and is not required to be persuaded.

The BIA did say one thing that might be characterized as a legal error. It observed that tattoos can be removed or overwritten, so they do not define a social group; Menchaca-Flores replies that the condition of being a *former* gang member cannot be altered and thus could denote membership in a social group of former gang members. See, e.g., *Arrazabal v. Lynch*, 822 F.3d 961, 965–66 (7th Cir. 2016); *Benitez Ramos v. Holder*, 589 F.3d 426, 429 (7th Cir. 2009). This subject does not matter to the outcome, however. Whether or not Menchaca-Flores preserved before the Board a contention that former gang members should be treated as a social group, he did not establish that the facts of record compel the agency to treat him as at substantial risk of persecution on account of his membership in that group.

The petition is dismissed for want of jurisdiction.