NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued March 3, 2009
Decided July 23, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-2601

| | |
|---|---|
| NORMA AIDA VASQUEZ-ORELLANA, | Petition for Review of an Order of the Board of Immigration Appeals |
| *Petitioner*, | |
| | No. A072-411-059 |
| *v.* | |
| ERIC H. HOLDER, JR., Attorney General of the United States, | |
| *Respondent*. | |

# O R D E R

Norma Vasquez-Orellana fled Guatemala and entered the United States illegally.  After she had been here illegally for more than 20 years, the Department of Homeland Security ordered her removed. She applied for asylum as well as "special rule" cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act (NACARA), but an immigration judge, and later the Board of Immigration Appeals, concluded that her conviction for mail fraud qualified as an aggravated felony and thus she was ineligible for either form of relief. Vasquez-Orellana petitions for review, arguing that her conviction is not an aggravated felony because, she contends, the total loss to the victim was not shown to be more than $10,000. That

contention lacks merit, and we thus deny the petition for review.

## I

Vasquez-Orellana left Guatemala in 1986 during that country's civil war and entered the United States without inspection. Six years later she applied for political asylum, but it is unclear from the record what happened to her application. In 2007 the Department of Homeland Security charged Vasquez-Orellana with being removable as an alien present in the United States without being admitted or paroled, see 8 U.S.C. § 1182(a)(6)(A)(i).

At a hearing before an IJ, Vasquez-Orellana conceded removability but renewed her unresolved application for asylum and sought withholding of removal and relief under NACARA, see Pub. L. No. 105-100, § 201-203, 111 Stat. 2160 (1997), and the Convention Against Torture (CAT). In support of those claims, Vasquez-Orellana testified that she came to the United States after two of her cousins who were in the military had been killed fighting guerrillas during the civil war. She explained that she and her family had feared that the guerrillas would take action against them because family members had served in the military. Vasquez-Orellana acknowledged that she herself had never been in the military, nor had she been a member of any political organization in Guatemala. She admitted that she had never personally been threatened or harmed by the guerrillas. She further conceded that she did not know the current situation with the guerrillas or what dangers existed in Guatemala; she had been in the United States for 21 years and her family, including her husband and two children, all live in the United States.

Vasquez-Orellana disclosed that in 2005 she had pleaded guilty in federal court to mail fraud. She submitted a number of documents related to that conviction, including a "Release of Claims" she had given the victim – Enterprise Rent-A-Car – as part of the fraudulent scheme, a check she had written to Enterprise after she pleaded guilty, copies of the parties' written submissions to the sentencing court, the judgment of conviction, and a letter from the probation office to Vasquez-Orellana dated after sentencing. The documents reveal that Vasquez-Orellana, along with three other codefendants, planned and carried out a scheme to defraud Enterprise Rent-A-Car by staging an automobile accident and then filing fraudulent personal-injury claims against Enterprise. As a result, Enterprise paid a total of $13,000 in personal-injury claims, including a settlement payment of $10,000 given to Vasquez-Orellana in exchange for her "release" of all claims against the company. Of that $10,000, says Vasquez-Orellana, she received only $3,005, with the remainder distributed among her attorney, treating physicians, and other codefendants. Following her guilty plea Vasquez-Orellana sent a check to Enterprise for $3,250. The district court sentenced Vasquez-Orellana to five years' probation and ordered her to pay a special assessment of $100 and restitution of $13,000 to Enterprise. The judgment, which makes explicit that the amount of restitution is $13,000, makes Vasquez-Orellana's restitution obligation joint and several with her codefendants and directs her immediately to pay a lump sum of $9,850 ($100 + $13,000 -

$3,250 = $9850). The letter from the probation office sent to Vasquez-Orellana after the sentencing hearing states that the restitution owed as of that date was $9,750.

An alien with a conviction for an aggravated felony is ineligible for asylum and cancellation of removal. See 8 C.F.R. § 1208.13(c)(2)(i)(D); 8 C.F.R. § 1240.66(a). Recognizing this, Vasquez-Orellana argued to the IJ that her conviction for mail fraud does not qualify as an aggravated felony, which is defined to include an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." See 8 U.S.C. § 1101(a)(43)(M)(i). She urged the IJ to focus on the amount she personally received from the crime – much less than $10,000, she said – rather than on the entire scheme. She further argued that, even if the IJ were to look to the amount of court-ordered restitution as evidence of the amount of loss, the amount was not shown to be more than $10,000. This is because, according to Vasquez-Orellana, the reference to $9,850 in the judgment makes that document ambiguous and, in her view, the government could not rely on the other documents she introduced into evidence to clear up the purported ambiguity. Vasquez-Orellana argued that it was the government's burden to show that she had committed an aggravated felony, and it had not satisfied that burden.

The IJ rejected Vasquez-Orellana's contentions and denied all of her claims for relief. First the IJ found that the government had met its burden in establishing that Vasquez-Orellana is removable as charged – as an alien present without being admitted or paroled – and thus, it was Vasquez-Orellana's burden to establish her eligibility for the forms of relief sought. The IJ then found that the loss was $13,000, as evidenced by the amount of restitution awarded to Enterprise in the judgment of conviction, and thus Vasquez-Orellana's conviction for mail fraud qualified as an aggravated felony. She was therefore ineligible for asylum, see 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i), and for cancellation of removal under NACARA, see 8 C.F.R. § 1240.66(b).

Because the aggravated felony did not, however, disqualify Vasquez-Orellana for withholding-of-removal or relief under CAT, the IJ went on to assess the merits of those claims. Finding that Vasquez-Orellana had no objectively reasonable fear of future persecution or harm by the Guatemalan government, the IJ denied both of her claims. Finally, the IJ found Vasquez-Orellana ineligible for voluntary departure given her aggravated felony and ordered her removed as charged in the notice to appear.

Vasquez-Orellana timely appealed the IJ's decision to the Board. In that appeal she abandoned her withholding of removal and CAT claims altogether, and though she mentioned her application for asylum in her notice of appeal, the only question she actually briefed was whether the IJ erred in finding that her mail-fraud conviction qualified as an aggravated felony that made her ineligible for cancellation of removal. She asserted that it was the government's burden to establish by clear and convincing evidence that Enterprise's loss exceeded $10,000, and that the evidence presented was inconclusive as to the amount of loss. First,

Vasquez-Orellana argued that the IJ should have applied the "categorical approach" described in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), which, she contended, would preclude a finding that her conviction for mail fraud is an aggravated felony because the amount of loss to the victim is not an element of 18 U.S.C. § 1341. In the alternative, Vasquez-Orellana argued that, even if the Board was to apply its recent opinion in *In re Babaisakov*, 24 I. & N. Dec. 306 (2007), which permits immigration courts to look beyond the elements of § 1341 to the underlying facts of the crime, the record is unclear whether the amount of loss is $13,000 or $9,850 (both of which appear on the face of the judgment), or if the proper amount is the $3,250 she paid the victim or the $10,000 claim she released.

The Board was unimpressed by these arguments. It explained that Vasquez-Orellana bore the burden of establishing her eligibility for the relief requested, and thus under 8 C.F.R. § 1240.8(d) she was required to prove by a preponderance of the evidence that her crime was *not* an aggravated felony. It went on to reject her contention that the categorical approach applies, explaining that an IJ may look beyond the elements of the mail-fraud conviction to determine the loss amount. See *Babaisakov*, 24 I. & N. Dec. at 321. The Board reasoned that the judgment of conviction orders Vasquez-Orellana to pay restitution to Enterprise in the amount of $13,000, and, therefore, she had failed to show that her conviction did not qualify as an aggravated felony.

## II

In her petition for review, Vasquez-Orellana contends that her mail-fraud conviction is not an aggravated felony and that she thus remains eligible for asylum or relief under NACARA. The parties disagree over what decisions are properly before this court. The government contends that we may review the IJ's decision as supplemented by the Board. Vasquez-Orellana, however, contends that we should review the Board's decision alone. When the BIA issues its own opinion, this court reviews only the opinion of the Board, but if the Board adopts the IJ's decision or adds its own reasoning, this court reviews the IJ's decision as supplemented by the Board. See *Bakarian v. Mukasey*, 541 F.3d 775, 781 (7th Cir. 2008); *Rapheal v. Mukasey*, 533 F.3d 521, 526 (7th Cir. 2008); *Moab v. Gonzales*, 500 F.3d 656, 658-59 (7th Cir. 2007). The only significant difference between the IJ's decision and that of the Board's is that the Board appears to have looked solely to judgment of conviction in determining the amount of loss. Although we see little difference between the two options, it appears that the Board did not adopt or expressly endorse the IJ's decision. We therefore accept Vasquez-Orellana's position and review the Board's analysis without reference to the IJ's decision. See *Moab*, 500 F.3d at 659.

At the outset, the government mistakenly argues that this court lacks jurisdiction to review the Board's analysis of Vasquez-Orellana's fraud conviction. The government contends that the court's authority in this case is subject to the jurisdiction-stripping provision of 8 U.S.C.

§ 1252(a)(2)(C), which states that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. See *Vaca-Tellez v. Mukasey*, 540 F.3d 665, 668-69 (7th Cir. 2008). But, even apart from our authority to decide whether the crime the alien committed was properly classified as an aggravated felony, there is another problem here with the government's position. The notice to appear charged Vasquez-Orellana only with removability as an alien present in the United States without admission or parole, and the resulting order of removal found Vasquez-Orellana removable as charged. Though the Board did evaluate Vasquez-Orellana's prior conviction to see if she was eligible for *relief from* removal, it did not find her *removable* on the basis of the aggravated felony. Consequently, the jurisdiction-stripping provision of § 1252(a)(2)(C) does not restrict our review. See *Unuakhaulu v. Gonzales*, 416 F.3d 931, 936-37 (9th Cir. 2005) (rejecting application of § 1252(a)(2)(C) where order of removal did not list alien's conviction of aggravated felony as basis for removal); see also *Ali v. Mukasey*, 521 F.3d 737, 739 (7th Cir. 2008) (explaining that when § 1252(a)(2)(C) applies this court still retains jurisdiction to determine whether the offense qualifies as a crime of moral turpitude or aggravated felony); *Ramos v. Gonzales*, 414 F.3d 800, 801-02 (7th Cir. 2005) (same).

That does not mean, however, that this court's jurisdiction is necessarily unfettered. This court always has jurisdiction to review the Board's decisions regarding applications for asylum, see 8 U.S.C. § 1252(a)(2)(B)(ii); *Kucana v. Mukasey*, 533 F.3d 534, 536 (7th Cir. 2008), *cert. granted,* 129 S.Ct. 2075 (2009). There is some question whether Vasquez-Orellana exhausted her claim for asylum, but she did say in her notice of appeal to the Board that she was appealing the IJ's finding that her conviction was an aggravated felony and the determination that is she ineligible for both asylum and NACARA relief. Although her brief mentioned only NACARA, the government has not contended before this court that she has waived her challenge to the denial of her asylum application. This is enough, in our view, and so we can proceed to review the Board's use of her prior conviction in its decision to deny asylum. Even so, however, we may look only at questions of law. See 8 U.S.C. § 1252(a)(2)(B)(i); *Khan v. Mukasey*, 517 F.3d 513, 517-18 (7th Cir. 2008); *Chavez-Vasquez v. Mukasey*, 548 F.3d 1115, 1119 (7th Cir. 2008); *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 773-74 (7th Cir. 2007). Vasquez-Orellana raises such questions, to which we now turn.

Turning to the merits of her petition, Vasquez-Orellana argues that the Board erred in failing to place the burden on the government to show by clear and convincing evidence that her conviction qualified as an aggravated felony. Although her contention would be accurate if the government had been seeking to *remove* Vasquez-Orellana on the basis of an aggravated felony, see 8 C.F.R. § 1240.8(a), that is not what happened here. Rather, Vasquez-Orellana conceded removability, and, thus, she bore the burden of proving by a preponderance of the evidence that she is eligible for asylum and relief under NACARA. See 8 C.F.R. § 1240.8(d) (providing burden of proof in establishing eligibility for relief from removal); *Musollari v. Mukasey*, 545 F.3d 505, 508 (7th Cir. 2008). A conviction for an aggravated felony constitutes a ground for mandatory denial of both forms of relief, see 8 C.F.R. § 1208.13(c)(2)(i)(D); 8 C.F.R.

§ 1240.66(a), and, "if the evidence indicates" that one of the "grounds for mandatory denial of relief may apply," the burden shifts to the alien to prove "by a preponderance of the evidence that such grounds do not apply," 8 C.F.R. § 1240.8(d); see *Rendon v. Mukasey*, 520 F.3d 967, 973 (9th Cir. 2008); *Chen v. United States Att'y Gen.*, 513 F.3d 1255, 1257 (11th Cir. 2008). Therefore, Vasquez-Orellana bore the burden of proving by a preponderance of the evidence that the loss to Enterprise did not exceed $10,000.

Vasquez-Orellana next contends that the Board committed error by considering the restitution order and, thus, failed to correctly apply the "modified categorical approach" as described by the Supreme Court in *Taylor*, 495 U.S. 575, and *Shepard*, 544 U.S. 13. The Board looked to the judgment of conviction, which includes the order of restitution for $13,000, as the primary evidence of loss to the victim. The Supreme Court recently rejected Vasquez-Orellana's position in *Nijhawan v. Holder,* 129 S.Ct. 2294 (2009), in which it held that the modified categorical approach does not apply to 8 U.S.C. § 1101(a)(43)(M)(i), which is the statute that defines an aggravated felony for immigration purposes to include a fraud in which the loss to the victim exceeds $10,000. Instead, the Court endorsed a circumstance-specific approach, under which it is proper for the Board to look at sentencing-related material that shows the amount of loss. 129 S.Ct. at 2303. Granted, in *Nijhawan*, it was the government that was trying to establish the existence of an aggravated felony as a basis for removal under 8 U.S.C. § 1227(a)(2)(A)(iii), see 8 C.F.R. § 1240.8(a), § 1240.8(c), but we see nothing in the Court's reasoning that would lead to a different conclusion for Vasquez-Orellana's situation. We note as well that the IJ permitted her to introduce a number of documents, and now, with buyer's remorse, she contends that the immigration courts were not free to look at more than part of just one of the many documents she submitted.

Finally, Vasquez-Orellana argues that it is unclear what burden of proof the Board applied. She accuses the Board of failing to exercise its discretion at all, because it did not discuss every piece of record evidence pertaining to the loss determination. But Vasquez-Orellana raises these arguments for the first time in her reply brief, and they are therefore waived. See *Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 525 n.3 (7th Cir. 2008); *United States v. Diaz*, 533 F.3d 574, 577 (7th Cir. 2008). Even if they were properly before us, they would be unavailing. The Board explicitly stated that Vasquez-Orellana had "failed to establish by a preponderance of the evidence that her conviction was not for an aggravated felony." The Board was under no obligation to address each and every point that she raised. This summary suffices, and we see no evidence that the Board failed to apply the correct standard. The Board found that the full restitution ordered was $13,000 and that the loss thus exceeded $10,000. These findings fully support the Board's decision.

We therefore **DENY** the petition for review.