# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60005
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2015

Lyle W. Cayce
Clerk

ELMER GEOVANI VELTRAN ORTIZ, also known as Elmer Jehovanny Fagoago, also known as Juan Lopez, also known as Geovanny Gonsalez,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 043 234

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Elmer Geovani Veltran Ortiz, also known as Elmer Jehovanny Fagoaga, petitions for review of the Board of Immigration Appeals's (BIA) decision affirming the immigration judge's (IJ) denial of withholding of removal and withholding of removal under the Convention Against Torture (CAT). He also moves for appointment of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60005

Legal conclusions are reviewed de novo and findings of fact are reviewed under the substantial evidence standard. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Veltran Ortiz fails to show that the BIA and IJ erred in deciding that he is not entitled to withholding of removal based on his membership in a particular social group. Those who are perceived to be gang members because they are tattooed lacks the requisite particularity to constitute a particular social group. *See id.* at 521. His petition for review in this respect is therefore denied. We lack jurisdiction to consider his unexhausted claim that he is entitled to withholding of removal based on his membership in the particular social group of those who are perceived to be gang members because they have been removed from the United States and are tattooed. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009). His petition for review in this respect is dismissed for lack of jurisdiction.

Substantial evidence supports the BIA's and IJ's decisions to deny him CAT relief. *See Orellana-Monson*, 685 F.3d at 518. Veltran Ortiz fails to identify evidence that compels the conclusion that it is more likely than not that a public official will torture him or acquiesce in his torture. *See id.*; *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006).

Veltran Ortiz's motion to appoint counsel is denied. This case does not present the exceptional circumstances required for such an appointment. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Petition for review DENIED in part and DISMISSED in part for lack of jurisdiction. Motion DENIED.