# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2022

Lyle W. Cayce
Clerk

No. 20-60749

Francis Osei Fosu, *also known as* Francis Pino Fosu,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A058 813 650

Before Clement, Graves, and Costa, *Circuit Judges*.

Per Curiam:

Francis Osei Fosu is a native and citizen of Ghana who was admitted to the United States in 2007 as a lawful permanent resident. In 2018, Fosu was convicted of conspiracy to commit bank and wire fraud in violation of 18 U.S.C. § 1349. He was sentenced to one year and one day of imprisonment and ordered to pay $229,717.30 in restitution. According to a government press release, Fosu's co-conspirators were also ordered to pay approximately $229,000 each to account for the nearly $1.4 million that was stolen.

No. 20-60749

In 2019, the government served Fosu with a notice to appear, charging him with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony.  Specifically, the government invoked 8 U.S.C. § 1101(a)(43)(M) & (U), alleging that Fosu was convicted of "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," and "an attempt or conspiracy to commit an offense described in section 101(a)(43)(M) of the Act."

Fosu applied for withholding of removal and protection under the Convention Against Torture (CAT).  At his hearing before the Immigration Judge (IJ), he admitted his conviction and order to pay restitution.  He also testified that he filed for post-conviction relief based on a claim of ineffective assistance of counsel.  The IJ found him removable in light of his conviction and ordered him removed.  He also rejected Fosu's applications for withholding of removal and protection under CAT.  Fosu appealed to the Board of Immigration Appeals (BIA).  The BIA found no error in the IJ's decision and dismissed the appeal.  Fosu now petitions for review of the BIA's final order.

I.

On petition for review, we review the BIA's decision, though we will consider the IJ's decision to the extent it influenced the BIA.  *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  We review factual findings under the substantial evidence test, meaning that we will not overturn said findings unless the evidence compels a contrary conclusion.  *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (per curiam).  We review questions of law de novo.  *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

Pursuant to the criminal alien bar, we generally lack jurisdiction to review the BIA's order of removal against an alien who is removable by reason of having committed an aggravated felony under § 1227(a)(2)(A)(iii).

No. 20-60749

*See* 8 U.S.C. § 1252(a)(2)(C). Nevertheless, we retain jurisdiction to review related questions of law, 8 U.S.C. § 1252(a)(2)(D), including whether an alien's conviction constitutes an aggravated felony. *See Shroff v. Sessions*, 890 F.3d 542, 544 (5th Cir. 2018).

## II.

Before addressing the merits of Fosu's petition, we must address whether we have jurisdiction. A petition for review must be filed within 30 days of the date of the challenged BIA order. 8 U.S.C. § 1252(b)(1); *see also Ouedraogo v. INS*, 864 F.2d 376, 378 (5th Cir. 1989) ("[T]he time for filing a review petition begins to run when the BIA complies with the terms of federal regulations by mailing its decision to petitioner's address of record."). The 30-day filing deadline is jurisdictional, *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003), and it is not subject to equitable tolling, *Stone v. INS*, 514 U.S. 386, 405 (1995).

The BIA issued its order of removal on July 14, 2020. It mailed Fosu the order on the same day. Fosu's petition for review contains a certificate of service with a date of August 10, 2020, and the postmark date on his envelope is August 11, 2020. The clerk's office received his petition, however, on August 14, 2020—31 days after the BIA mailed its order to him. Although the government states that Fosu's petition for review is timely because of the prison mailbox rule, we must address jurisdictional questions "sua sponte if necessary." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 (5th Cir. 2001). In the end, we agree with the government.

In June 1993, we held in *Guirguis v. INS*, 993 F.2d 508, 510 (5th Cir. 1993), that we must receive a pro se detainee's petition for review by the end of the filing period and that the mailbox rule does not apply. Then, in December 1993, Federal Rule of Appellate Procedure 25(a)(2)(A)(iii) was amended to add the prison mailbox rule, providing that an inmate's filing "is

3

timely if it is deposited in the institution's internal mail system on or before the last day for filing and" it contains a compliant certificate of service or evidence showing the date it was deposited and that the postage was prepaid. *See* FED. R. APP. P. 25(a)(2)(A)(iii) advisory committee's note to 1993 amendment ("The amendment [applies] to all papers filed in the courts of appeals by persons confined in institutions."). Although in dicta, we recognized that the 1993 amendment superseded *Guirguis* in *Smith v. Conner*, 250 F.3d 277, 279 n.11 (5th Cir. 2001). *See id.* ("Thus, the text of the Federal Rules now explicitly applies the mailbox rule to appeals filed by inmates in both the district court and in the court of appeals.").

Since *Smith*, however, our precedents have created diverging paths based on whether a detainee is represented by counsel. In *Navarro-Miranda*—a case published 10 years following the 1993 amendment—we cited *Guirguis* in support of our decision to not apply the prison mailbox rule to a detained petitioner who was represented by counsel. 330 F.3d at 676. Conversely, in *Adon v. Holder*, 582 F. App'x 479 (5th Cir. 2014) (per curiam) (unpublished), we summarily concluded that the prison mailbox rule applied to a pro se detainee's postmarked petition and that we were accordingly vested with jurisdiction. As to pro se detainees, *Smith* and *Adon* are correct, and *Navarro-Miranda* does not apply: the prison mailbox rule applies to pro se detainees in immigration proceedings. *See* FED. R. APP. P. 25(a)(2)(A)(iii); *see also Chavarria-Reyes v. Lynch*, 845 F.3d 275, 277–78 (7th Cir. 2016) (recognizing that our court has apparently distinguished between pro se and represented litigants when considering the applicability of the prison mailbox rule (first citing *Arango–Aradondo v. INS*, 13 F.3d 610, 612–13

No. 20-60749

(2d Cir. 1994); then citing *Barrientos v. Lynch*, 829 F.3d 1064 (9th Cir. 2016)).[1] We have jurisdiction to review Fosu's petition.

### III.

Fosu argues that the IJ and BIA relied on an amount of money—$229,717.30—untethered to his conviction to determine whether the loss to victims exceeded $10,000 as § 1101(a)(43)(M) requires. According to the BIA's decision, Fosu's judgment "clearly shows" that his § 1349 conviction is the basis for the restitution award. Moreover, the total amount of restitution that he was ordered to pay "is significantly greater than the $10,000 threshold or the amounts described in the dismissed count." Thus, the government argues that Fosu failed to show any error. We agree.

Pursuant to § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." Section 1101(a)(43)(M) defines an "aggravated felony" as "an offense that—(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," and § 1101(a)(43)(U) extends the definition of "aggravated felony" to "an attempt or conspiracy to commit an offense described in this paragraph."

The amount of loss under § 1101(a)(43)(M)(i) "is a factual matter to be determined from the record of conviction." *Arguelles-Olivares v. Mukasey*, 526 F.3d 171, 177 (5th Cir. 2008). Accordingly, we must decide "whether there was clear and convincing evidence that [Fosu's] prior conviction

---

[1] Whether *Navarro-Miranda*'s distinction between pro se detainees and detainees represented by counsel is textually supported is dubious at best, though it is not before us and is not a matter that we, as a panel, can resolve. *See Chavarria-Reyes*, 845 F.3d at 278 ("[R]epresented prisoners, no less than those proceeding on their own, can use the prison mailbox rule, whose text does not draw a distinction between represented and pro se litigants." (emphasis omitted)).

involved an amount of loss greater than $10,000 and whether the evidence establishing that the conviction involved such a loss was reasonable, substantial, and probative." *Id.* at 178. The amount of loss must be tied to the specific count of the conviction. *Nijhawan v. Holder*, 557 U.S. 29, 42 (2009). Finally, when determining the losses of victims, the IJ can rely on sentencing-related material, including a restitution order. *See id.* at 42–43; *see also Rodriguez v. Barr*, 812 F. App'x 196, 199–200 (5th Cir. 2020) (holding that "[a] restitution order can be used to show the amount of loss to the victim 'in the absence of any contrary record evidence'" (citation omitted)).

Fosu's order of restitution for $229,717.30—which reflects the amount owed within the judgment for his fraud conspiracy conviction— provides clear and convincing evidence of the losses to his victims. *See Nijhawan*, 557 U.S. at 42–43; *Rodriguez*, 812 F. App'x at 199–200. The BIA did not err in denying his appeal based on his removability pursuant to § 1227(a)(2)(A)(iii).

## IV.

Fosu also challenges the BIA's rejection of his ineffective assistance of counsel claim as a basis to continue his removal proceedings. We lack jurisdiction to consider this claim. "[A]n alien's failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue." *Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020). An alien fails to exhaust an issue if he does not first raise it before the BIA on direct appeal or in a motion to reopen. *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

Although Fosu testified before the IJ about his ineffective assistance claim against his *criminal defense* attorney in his underlying criminal case, he failed to raise his ineffective assistance claim against his *immigration* attorney on appeal or in a motion to reopen before the BIA. *See id.* We consequently lack jurisdiction to consider his claim. *See Avelar-Oliva*, 954 F.3d at 766.

No. 20-60749

V.

Fosu abandoned the remainder of his claims. Although we construe a pro se litigant's claims liberally, a pro se litigant "must still brief the issues and reasonably comply with" Rule 28 of the Federal Rules of Appellate Procedure. *Rui Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011) (citation omitted). Fosu's arguments regarding the constitutionality of various subsections of § 1101(a)(43) are unreasoned and unsupported by citation to the record or relevant authorities. *Id.* The same issue applies to his challenge to the BIA's decision regarding his claims for withholding of removal and protection under CAT. *Id.*

\*  \*  \*

Fosu's petition is DENIED in part and DISMISSED in part; all pending motions are DENIED.