# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2022

Lyle W. Cayce
Clerk

No. 21-60462

---

Ornella Angelina Hammerschmidt,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 368 118

---

Before Smith, Barksdale, and Haynes, *Circuit Judges*.

Haynes, *Circuit Judge*:

Ornella Angelina Hammerschmidt ("Hammerschmidt") petitions for review of the Board of Immigration Appeals's ("BIA") final order denying her application for, inter alia, withholding of removal under the Immigration and Nationality Act ("INA") and protection under the Convention Against Torture ("CAT"). For the following reasons, the petition is DENIED in part and DISMISSED in part.

No. 21-60462

## I.     Background

Hammerschmidt, a native and citizen of Venezuela, was paroled into the United States for deferred inspection in 2001.  The crimes and attendant consequences which form the basis of this petition began in 2009 when Hammerschmidt pled guilty to making a false statement in an immigration petition in violation of 18 U.S.C. § 1546(b).  In 2015, Hammerschmidt was indicted for aiding and abetting and making false, fictitious, or fraudulent claims to the IRS alongside her co-defendant husband in violation of 18 U.S.C. § 287.  Though the indictment alleged that Hammerschmidt was involved in twenty-two counts of false or fraudulent tax returns, Hammerschmidt pled guilty to only a singular count—the fraudulent request of a tax refund in the amount of $2,812.00.  Nevertheless, she was ordered to pay restitution jointly and severally with her husband in the amount of $45,365 and was sentenced to 48 months in prison.

Following these convictions, Hammerschmidt was placed in removal proceedings for the commission of a "crime involving moral turpitude" and seeking to procure a visa by fraud or misrepresentation.  The Immigration Judge ("IJ") sustained both charges of removability.  Hammerschmidt then applied for withholding of removal under the INA and deferral under CAT and purportedly reserved her asylum claim for appeal to the BIA.  The IJ denied the application, concluding that Hammerschmidt's testimony regarding alleged persecution and torture was not credible.  Even assuming her testimony was credible, the IJ held that her withholding claim would nevertheless fail because her conviction under § 287 constituted an aggravated felony and a particularly serious crime, rendering her ineligible for both asylum and withholding of removal.  The IJ likewise denied CAT deferral on the adverse credibility finding and the absence of proof that she would suffer torture if returned to Venezuela.  The BIA adopted and affirmed.

No. 21-60462

Hammerschmidt timely petitions for review, contending that her conviction under § 287 cannot qualify as an "aggravated felony" or a "particularly serious crime," the BIA's adverse credibility finding is not supported by the record, and she provided sufficient evidence showing her eligibility for CAT protection.

## II.     Jurisdiction

Before reaching the merits, we begin, as we must, by examining our jurisdiction. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013). The "criminal alien bar" of 8 U.S.C. § 1252(a)(2)(C) strips us of jurisdiction to review the BIA's final order of removal against a petitioner who is removable by reason of having committed certain criminal offenses, including crimes of moral turpitude and aggravated felonies. *See id.*; *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016).[1] Under this bar, the petitioner "may obtain judicial review of constitutional and legal challenges to the final order of removal, but not of factual challenges." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1687–88 (2020). Because the challenge here to the denial of asylum and withholding is primarily directed to legal questions, the classification of Hammerschmidt's conviction, we have jurisdiction to consider it.

As to our review of the decisions below, we generally have authority to review only the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). But when, as here, the IJ's ruling impacts the BIA's decision, we may review both. *Id.* We review questions of law and constitutional claims de novo, while we review the limited factual findings over which we do have

---

[1] The criminal alien bar, however, is inapplicable to CAT orders. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). Thus, we have jurisdiction over the entire portion of the CAT-related petition.

jurisdiction for substantial evidence. *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019).

### III.    Withholding of Removal and Asylum Under the INA

As described in the relevant statutes, an alien deemed removable may apply for withholding of removal or asylum under certain circumstances. *See* 8 U.S.C. §§ 1231(b)(3)(A) (withholding), 1158(b)(1) (asylum).  The statutes, however, also provide ineligibility for both if the applicant was convicted of a "particularly serious crime." *See id.* §§ 1231(b)(3)(B)(ii); 1158(b)(2)(A)(ii). Whether the conviction at issue constitutes a "particularly serious crime" depends, in part, on the relief sought.  In the asylum context, any categorical aggravated felony listed in 8 U.S.C. § 1101(a)(43) is a "particularly serious crime." *Id.* § 1158(b)(2)(B)(i) ("[A]n alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime.").  In the withholding context, however, the statute explains: "For purposes of [a particularly serious crime], an alien who has been convicted of an aggravated felony . . . for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime." *Id.* § 1231(b)(3)(B)(iv).

Nonetheless, a conviction need not meet the five-year sentence threshold to constitute a "particularly serious crime" for withholding purposes. *See Vetcher v. Barr*, 953 F.3d 361, 368–69 (5th Cir. 2020).  Instead, when a crime falls outside of the § 1231(b)(3)(B) criteria, the IJ employs a "case-by-case" approach to determine whether the crime in question qualifies as "particularly serious." *Id.*; *see also Aviles-Tavera v. Garland*, 22 F.4th 478, 483 (5th Cir. 2022).

### A.    Aggravated Felony

Whether a conviction constitutes an aggravated felony is a question of law. *Fosu v. Garland*, 36 F.4th 634, 636–37 (5th Cir. 2022) (per curiam).  An

aggravated felony includes any "offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M). To determine whether an offense falls within this category, we apply the "circumstance-specific approach" with the "loss to the victim" as the lodestar. *Nijhawan v. Holder*, 557 U.S. 29, 36–38 (2009). When assessing the loss, the IJ may consider "sentencing-related material" such as "[t]he court's restitution order." *Id.* at 42–43; *Fosu*, 36 F.4th at 638. Indeed, a restitution order, standing alone, may provide the requisite "clear and convincing evidence of the losses to [a petitioner's] victims." *Fosu*, 36 F.4th at 638.

Hammerschmidt does not take issue with the IJ's reliance on the restitution order in determining the loss as a general matter. Instead, Hammerschmidt posits that $45,354 cannot establish the loss to the victim because she pled guilty to just one count involving a loss less than $3,000. But this contention obfuscates the very meaning of "joint and several" liability, which renders each defendant "liable for the *entire amount* of the harm." *Honeycutt v. United States*, 137 S. Ct. 1626, 1631 (2017) (emphasis added). Further, we have previously rejected contentions of this very shade. *See James v. Gonzales*, 464 F.3d 505, 510–12 (5th Cir. 2006), *overruled on other grounds by Nijhawan*, 557 U.S. at 32; *see also Martinez v. Mukasey*, 508 F.3d 255, 259–60 (5th Cir. 2007), *overruled on other grounds by Nijhawan*, 557 U.S. at 32.[2] In *James*, we held that the restitution order, which far exceeded

---

[2] In *James* and *Martinez*, we applied the then-applicable "categorical approach" to determine whether the offense qualified as an aggravated felony within the meaning of § 1101(a)(43)(M)(i). *James*, 464 F.3d at 508; *Martinez*, 508 F.3d at 258. Under this approach, we looked to the statute, rather than the underlying facts, to make this assessment. The Supreme Court has since clarified that we must apply the "circumstance-specific approach" to determine whether an offense, particularly one that does not contain a monetary threshold of $10,000, qualifies as an aggravated felony. *Nijhawan*, 557 U.S. at 40. The holding of *Nijhawan*, however, does not disturb our conclusions in *James* and

No. 21-60462

$10,000, provided an accurate picture of the loss to the victims of the scheme which the petitioner aided and abetted. 464 F.3d at 510–12. For this reason, we concluded the restitution amount—not the single count to which the petitioner pled—established his conviction of an aggravated felony. *Id.* Separately, in *Martinez*, we concluded that a conviction qualified as an aggravated felony where the petitioner was subject to a plea agreement holding her jointly and severally liable for $11,467.33 in restitution, despite being directed to pay only half. 508 F.3d at 258–60.

Our conclusion in this case is no different. The restitution order, which Hammerschmidt concedes holds her "joint and severally liable," indicates that her conduct contributed to a total loss of more than $45,000.[3] Because Hammerschmidt is personally liable for this amount, and her arguments to the contrary are foreclosed by binding precedent, we cannot conclude that the BIA erred in finding that the loss to the victim in this case exceeded $10,000. *See James*, 464 F.3d at 507; *Martinez*, 508 F.3d at 260; *see also Vasquez-Orellana v. Holder*, 338 F. App'x 536, 538, 541 (7th Cir. 2009) (statutory threshold met where joint-and-several restitution order amounted to $13,000 among four co-defendants, despite petitioner's individual act's

---

*Martinez* that a joint-and-several restitution order which exceeds the statutory $10,000 threshold brings the offense within the realm of an "aggravated felony" even if the count to which the petitioner pled involves less. *See James*, 464 F.3d at 510–12; *Martinez*, 508 F.3d at 259–60. Indeed, this conclusion is bolstered by *Nijhawan*'s holding that a restitution order demonstrated that the "conviction involved losses considerably greater than $10,000," and this "clear and convincing evidence" demonstrated an aggravated felony under § 1101(a)(43)(M)(i). 557 U.S. at 42–43.

[3] It is worth noting, however, that Hammerschmidt is not liable for all of her husband's criminal acts. Indeed, her husband was ordered to pay $1,830,848 in restitution.

only contributing to a $3,005 loss).  Her conviction falls squarely within the definition of an aggravated felony under § 1101(a)(43)(M)(i).[4]

## B.     Particularly Serious Crime

Though Hammerschmidt was convicted of an aggravated felony, her conviction carried a sentence of less than five years.  As such, withholding of removal remains available to her unless her conviction qualifies as "particularly serious."  To determine whether the conviction is particularly serious, the IJ is required to apply the "case-by-case test," which considers "the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction."  *Aviles-Tavera*, 22 F.4th at 483.  When analyzing "the nature of the conviction or elements of the offense, an IJ may evaluate whether a crime is an aggravated felony, but the IJ is not limited to solely this consideration" under the test.  *Id.* (citing *In re N-A-M-*, 24 I. & N. Dec. 336, 342–43 (BIA 2007)).

Hammerschmidt contends that the IJ misapplied the legal test and failed to first consider whether the elements of the crime fall within the category of particularly serious crimes.  We disagree.  Contrary to this assertion, the IJ first assessed the elements of the offense under the aggravated felony analysis.  Following this determination, the IJ turned to the circumstances surrounding the crime, including Hammerschmidt's conduct in holding herself out as an attorney and preying on "vulnerable persons," such as those who did not speak English, to develop tax returns and defraud the government.  We find no error in the IJ's application of the correct legal test.  *See, e.g.*, *Samba v. Lynch*, 641 F. App'x 376, 380–81 (5th Cir. 2016) (per curiam) (concluding that, with respect to tax fraud, the "BIA did examine

---

[4] Having been convicted of an aggravated felony, Hammerschmidt is therefore statutorily ineligible for asylum, and we need not address her contentions as to this claim.

the elements of the offense and found no clear error in the [IJ's] finding that . . . [petitioner's] conduct obstructed an important government function through fraudulent means").[5]  To the extent Hammerschmidt's argument extends further, "essentially ask[ing] us to reweigh the facts and find that [her] crime was not particularly serious," we lack jurisdiction to consider this argument under § 1252(a)(2)(C).  *Tibakweitira v. Wilkinson*, 986 F.3d 905, 911 (5th Cir. 2021).

## IV.    Deferral Under CAT

Deferral of removal under CAT differs from asylum and withholding of removal in that the conviction of a "particularly serious crime" does not bar relief thereunder.  *See* 8 C.F.R. § 1208.17(a).  To obtain protection under the CAT, a petitioner "must show [*inter alia*] that it is more likely than not that she will be tortured if she returns to her country of origin."  *Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019).  Factual findings underlying the denial of CAT protection are reviewed for substantial evidence.  *Nasrallah*, 140 S. Ct. at 1692.

Hammerschmidt maintains that the IJ erred by holding that she was not credible and finding her assertions of torture "speculative."  But Hammerschmidt has proffered little explanation to close the gaps the IJ found in her testimony beyond her contention that the IJ failed to consider the role post-traumatic stress disorder could have played.  Because an "IJ may rely on *any* inconsistency or omission in making an adverse credibility determination," and the IJ noted in detail *several* inconsistencies, we cannot say "that the evidence was so compelling that no reasonable factfinder could

---

[5] Although *Samba* and related unpublished opinions cited herein "[are] not controlling precedent," they "may be [cited as] persuasive authority."  *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIRCUIT RULE 47.5.4).

conclude against it." *Wang*, 569 F.3d at 537, 538. Because the adverse credibility determination was proper, the evidence does not compel a finding she would "more likely than not" be tortured if removed. *Martinez-Lopez*, 943 F.3d at 772.

## V.     Motion to Continue

Finally, Hammerschmidt contends that the BIA engaged in improper factfinding when it affirmed the IJ's denial of her motion to continue for adjudication of her U-Visa application despite the IJ's failure to consider the good cause factors. But the BIA affirmed the IJ's conclusion on the basis that Hammerschmidt failed to argue on appeal "why good cause ha[d] been established" and further concluded that "a review of the record" failed to persuade the BIA that she had established good cause. Hammerschmidt's own failure to adequately brief the issue does not amount to improper factfinding. Moreover, she does not allege—and the BIA decision does not show—that the BIA developed a record, gathered new information, or chose between disputed facts. *See Velasquez-Zelaya v. Garland*, No. 20-60531, 2022 WL 445158, at *1 (5th Cir. Feb. 14, 2022) (per curiam) (unpublished) ("That the BIA looked to different, but undisputed, record facts than the [IJ] does not establish that the BIA engaged in improper fact-finding."). For these reasons, we find no basis for granting review on this point.

## VI.     Conclusion

Having found no error in the decisions below over which we have jurisdiction, we DENY Hammerschmidt's petition for review and DISMISS the remainder.