**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-2305**

———————————

ANA RUBI ALFARO-HERNANDEZ; A.N.H.,

       Petitioners,

   v.

MERRICK B. GARLAND, Attorney General,

       Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted: June 15, 2023                            Decided: December 13, 2023

———————————

Before NIEMEYER and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————————

Petition denied by unpublished per curiam opinion.

———————————

**ON BRIEF:** Kevin P. Dougherty, LAW FIRM OF RUIZ DOUGHERTY, Herndon, Virginia, for Petitioners. Brian Boynton, Principal Deputy Assistant Attorney General, Keith I. McManus, Assistant Director, Spencer S. Shucard, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ana Rubi Alfaro-Hernandez and her daughter, natives and citizens of El Salvador, petition for review of the order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's ("IJ") decision denying Alfaro-Hernandez's applications for asylum, withholding of removal, and protection under the Convention Against Torture. The Petitioners assert that the Board erred in applying law from the Court of Appeals for the Fifth Circuit and should have applied law from this court. They also contend that the adverse credibility finding is not supported by substantial evidence.[1] We deny the petition for review.[2]

We conclude that the Board did not err in applying the law from the Fifth Circuit. *See Herrera-Alcala*, 39 F.4th at 244-53 (applying law of IJ's location); *Borovsky v. Holder*, 612 F.3d 917, 920 (7th Cir. 2010) (concluding that Board should not have applied Eighth Circuit law when venue was proper in Seventh Circuit); *Llapa-Sinchi v. Mukasey*, 520 F.3d 897, 901 (8th Cir. 2008) (explaining that law of circuit in which venue lies is applicable).

---

[1] The Petitioners do not challenge the denial of protection under the Convention Against Torture. Accordingly, the issue is waived. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

[2] Because the IJ presided over the merits hearing and issued the order of removal from the immigration court in Fort Worth, Texas, venue was proper in the Court of Appeals for the Fifth Circuit. *Herrera-Alcala v. Garland*, 39 F.4th 233, 241-43 (4th Cir. 2022) (under 8 U.S.C. § 1252(b), venue depends on location of immigration judge). But we retain jurisdiction and conclude that transfer to that circuit would not be in the interest of justice. *See Sorcia v. Holder*, 643 F.3d 117, 123-24 (4th Cir. 2011).

2

We also conclude that the adverse credibility finding is supported by substantial evidence. *Santos-Alvarado v. Barr*, 967 F.3d 428, 436-37 (5th Cir. 2020).[3]  An adverse credibility finding "must be supported by specific and cogent reasons derived from the record." *Nkenglefac v. Garland*, 64 F.4th 251, 253 (5th Cir. 2023) (internal quotation marks omitted).  The IJ "may rely on *any* inconsistency or omission in making an adverse credibility determination[.]"  *Hammerschmidt v. Garland*, 54 F.4th 282, 290 (5th Cir. 2022) (internal quotation marks omitted).  The IJ need not accept an asylum applicant's explanation for a discrepancy.  The applicant must show that a reasonable factfinder would be compelled to credit her explanations. *Morales v. Sessions*, 860 F.3d 812, 817-18 (5th Cir. 2017).  An adverse credibility finding may be fatal to an asylum application. *Arulnanthy v. Garland*, 17 F.4th 586, 596 (5th Cir. 2021).  The IJ cited several specific and cogent reasons for finding Alfaro-Hernandez not credible.  And although not required, some of those reasons go to the heart of Alfaro-Hernandez's asylum claim.

Because the adverse credibility finding is dispositive of the agency's denial of Alfaro-Hernandez's applications for asylum and withholding of removal, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[3] Our conclusion would be the same even if we applied the law from this circuit.

3