# United States Court of Appeals for the Fifth Circuit

———————

No. 23-60282
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2024

Lyle W. Cayce
Clerk

Sylvia O. Walter Eze,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A045 081 521

————————————————————

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

Sylvia O. Walter Eze, a native and citizen of Nigeria, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming her order of removal. The immigration judge (IJ) determined that she was removable because she had been convicted of an aggravated felony, namely an offense involving fraud or deceit in which the loss to the victim or victims

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

exceeded $10,000, *see* 8 U.S.C. § 1101(a)(43)(M)(i); or an attempt or conspiracy to commit such an offense, *see* § 1101(a)(43)(U).

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Fosu v. Garland*, 36 F.4th 634, 636 (5th Cir. 2022). Constitutional claims and questions of law are reviewed de novo, and findings of fact are reviewed under the substantial evidence standard. *Id.*; *Hammerschmidt v. Garland*, 54 F.4th 282, 287 (5th Cir. 2022).

Walter Eze first argues that the Government failed to meet its burden of showing by clear and convincing evidence that the loss involved in her prior convictions exceeded $10,000. "The amount of loss under § 1101(a)(43)(M)(i) is a factual matter to be determined from the record of conviction." *Fosu*, 36 F.4th at 638 (internal quotation marks and citation omitted). The loss amount must be tied to the specific count of the conviction. *Nijhawan v. Holder*, 557 U.S. 29, 42 (2009); *Fosu*, 36 F.4th at 638.

At issue are Walter Eze's federal convictions on six counts: one count of conspiracy to commit health care fraud (Count 1); four counts of health care fraud (Counts 2, 3, 5, and 6); and one count of conspiracy to pay and receive healthcare kickbacks (Count 7). She was sentenced to, among other things, restitution totaling $1,939,529.27. The criminal judgment also provided that she was jointly and severally liable for restitution amounts of $117,664.18 and $108,535.21. The IJ and BIA relied on those restitution figures in determining that the loss exceeded $10,000 for purposes of § 1101(a)(43)(M)(i).

Walter Eze contends that she rebutted those restitution amounts with evidence that the actual losses involved in her four substantive counts, Counts 2, 3, 5, and 6, totaled less than $10,000. She argues that the four substantive counts were the object of the health care conspiracy under Count

1 and that the loss amount for that conspiracy therefore was limited to the loss involved in the four substantive counts.

These arguments are unavailing. Counts 2, 3, 5, and 6 each pertained to one fraudulent healthcare claim submitted on a discrete date in 2010 or 2011, while the conspiracy under Count 1 was alleged to be a scheme to commit health care fraud that spanned from about 2007 to 2012. Her joint and several liability for $117,664.18 and $108,535.21 was clear and convincing evidence that her conduct contributed to a loss exceeding $10,000. *See Hammerschmidt*, 54 F.4th at 288-89. The $1,939,529.27 restitution award also was clear and convincing evidence of a loss of more than $10,000. *See Fosu*, 36 F.4th at 638.

Walter Eze makes additional arguments on this issue, including that some of the payments received by her business were legitimate, the Government should be collaterally estopped from arguing otherwise, restitution is a sentencing matter that takes into account relevant conduct under the standard of preponderance of the evidence, and her conviction under Count 7 did not involve fraud and deceit for purposes of § 1101(a)(43)(M)(i). Her arguments fail to show that the BIA's loss determination should be disturbed. *See Hammerschmidt*, 54 F.4th at 288-89; *Fosu*, 36 F.4th at 638.

Further, the record does not reflect that the agency failed to apply the standard of clear and convincing evidence with respect to the loss under § 1101(a)(43)(M)(i). Regarding her claims that the BIA, IJ, and Government misrepresented the administrative record, she has not made a prima facie showing that the claimed misrepresentations affected the outcome of her proceedings. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (recognizing that prevailing on a due process claim requires that the alien make an initial showing of substantial prejudice). She also has not made the

requisite showing with respect to her claim of partiality by the IJ. *See Wang v. Holder*, 569 F.3d 531, 540 (5th Cir. 2009). Lastly, the IJ's statement regarding whether her convictions categorically met the definition of an aggravated felony under § 1101(a)(43)(M)(i) has no bearing on the outcome of this case because the categorical approach does not apply to the loss assessment under § 1101(a)(43)(M)(i). *See Nijhawan*, 557 U.S. at 38-40.

The petition for review is DENIED.