# United States Court of Appeals for the Fifth Circuit

---

No. 24-60339
CONSOLIDATED WITH
No. 24-60443

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2025

Lyle W. Cayce
Clerk

KEN EJIMOFOR EZEAH,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

---

Petitions for Review of Orders of the
Board of Immigration Appeals
Agency No. A204 048 674

---

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Ken Ejimofor Ezeah petitions for review of three separate decisions of the Board of Immigration Appeals (BIA) denying his motions to reopen and reconsider. He also filed motions to appoint counsel, supplement the record, and remand to the BIA in light of newly discovered evidence.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60339
c/w No. 24-60443

I

The respondent has moved to dismiss the petition for review in case number 24-60443 as untimely and to deny in part and dismiss in part the two remaining petitions.  Ezeah argues that his petition for review is timely and opposes dismissal and summary disposition.

A

Ezeah's petition for review in case number 24-60443 was timely filed under the prisoner mailbox rule.  *See* FED. R. APP. PROC. 25(a)(2)(A)(iii); *Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022).  The Respondent's motion to dismiss is unavailing.

B

Summary disposition in lieu of the traditional appellate process is "necessary and proper" in "cases where time is truly of the essence," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Because the issues are disputed, summary disposition of the remaining two petitions for review is not appropriate.  *See id.*  We nevertheless dispense with further briefing because Ezeah's claims are ultimately meritless.  *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019).

Motions to reopen and to reconsider are "particularly disfavored." *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). Consequently, this court reviews the BIA's denial of those motions "under a highly deferential abuse-of-discretion standard." *Ovalles v. Rosen*, 984 F.3d 1120, 1123 (5th Cir. 2021) (internal quotation marks and citation omitted). Under this standard, the agency's decision will stand unless it is "capricious,

racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nguhlefeh Njilefac*, 992 F.3d at 365 (internal quotation marks and citation omitted).

1

"An alien may generally file only one motion to reopen his removal proceeding and that motion must be filed within 90 days of the final order of removal[.]" *Deep v. Barr*, 967 F.3d 498, 500 (5th Cir. 2020); *see also* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). One who moves to reopen to apply for relief under the Violence Against Women Act (VAWA) has one year to file a motion, however, and the Attorney General has the "discretion" to "waive" this time limitation upon a showing of "extraordinary circumstances or extreme hardship to the alien's child."[1] 8 U.S.C. § 1229a(c)(7)(C)(i), (iv) (quotes at (iv)(III)). The number bar "is a non-jurisdictional, claims-processing rule." *Maradia v. Garland*, 18 F.4th 458, 462 n.6 (5th Cir. 2021). When, as here, the number bar is raised, the petition for review should be denied. *See id.*; *Djie v. Garland*, 39 F.4th 280, 287-88 (5th Cir. 2022). A motion to reconsider must be filed within 30 days of the order of removal. 8 U.S.C. § 1229a(c)(6)(B). "The motion shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C).

Ezeah's removal order became final in June 2022, when the BIA affirmed the immigration judge's (IJ) decision. 8 U.S.C. § 1101(a)(47)(B). Although the BIA cited the generally applicable 90-day deadline for filing motions to reopen, *see* § 1229a(c)(7)(C)(i), rather than the one-year deadline

---

[1] By its terms, the one-year limitations period for battered spouses does not apply to motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (iv).

applicable to those seeking VAWA cancellation of removal, *see* § 1229a(c)(7)(C)(iv), its determination that the motions to reopen were time and number barred is correct because each was filed more than a year after his removal order became final, and he previously filed two other motions to reopen. Further, to the extent that Ezeah contends that the BIA must consider new evidence as it becomes available, regardless of the time and number bars, *see generally* ECF 107, he is mistaken. Ezeah fails to demonstrate an abuse of discretion. *See Nguhlefeh Njilefac*, 992 F.3d at 365.

2

The BIA's May 28th decision denied Ezeah's motion for reconsideration on the ground it was time barred. The BIA's orders of August 9, 2024, and October 9, 2024, denied reconsideration on the grounds that he merely reurged claims that had previously been rejected and he had not demonstrated that the agency's denial of relief was based on an error of law or fact.

Because Ezeah's April 2024 motion for reconsideration was filed more than 30 days after his removal order became final, the BIA did not err in finding that it was time barred. 8 U.S.C. § 1229a(c)(6)(B). The BIA's August and October 2024 denials, which simply reaffirmed that its prior time-bar findings were not erroneous, are also correct. Accordingly, the BIA did not abuse its discretion in denying Ezeah's motions. *See Nguhlefeh Njilefac*, 992 F.3d at 365.

C

We lack jurisdiction to consider Ezeah's argument that his notice to appear (NTA) was fatally flawed and failed to confer jurisdiction on the IJ because the BIA found, as a factual matter, that the relevant NTA and notice of hearing contained the requisite information regarding the time, date, and place of his initial immigration hearing. Ezeah seeks cancellation of removal,

which is a form of discretionary relief, and he was ordered removed based on his conviction of an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(B)-(C); *Patel v. Garland*, 596 U.S. 328, 337-39 (2022); *see also Fosu*, 36 F.4th at 636. We therefore lack jurisdiction on two bases. We also lack jurisdiction to entertain challenges to the BIA's failure to sua sponte reopen his immigration court proceedings. *Qorane v. Barr*, 919 F.3d 904, 911-12 (5th Cir. 2019).

We need not address Ezeah's remaining arguments, as they will not change the outcome because the BIA did not abuse its discretion in finding that Ezeah's motions to reopen and reconsider were time-barred, his motions to reopen were number-barred, and he failed to satisfy the criteria for obtaining reconsideration. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023).

II

Ezeah has not shown that his case presents exceptional circumstances warranting appointed counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (standard for appointment of counsel in civil cases); *Ortiz v. Lynch*, 623 F. App'x 171, 171-72 (5th Cir. 2015) (applying *Ulmer* standard in review of BIA decision). We cannot consider evidence that was not presented to the BIA and made part of the administrative record. *See Kane v. Holder*, 581 F.3d 231, 242 (5th Cir. 2009) ("8 U.S.C. § 1252(b)(4)(A) expressly instructs us that we may only 'decide the petition . . . on the administrative record.'"). Remand would be futile because the BIA properly deemed the motions for reconsideration and reopening at issue in the petitions for review before this court to be time and number barred, and any new motions would likewise be time and number barred.

No. 24-60339
c/w No. 24-60443

III

The respondent's motions for dismissal and summary disposition are DENIED. Ezeah's motions for appointment of counsel and to supplement the record and remand also are DENIED. The petitions for review are DISMISSED in part for lack of jurisdiction and DENIED in part.