# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 25-60579
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2026

Lyle W. Cayce
Clerk

Ehigie Henshaw Isibor,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

―――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A214 451 517

―――――――――――――――――――――

Before Richman, Southwick, and Willett, *Circuit Judges*.
Per Curiam:*

Ehigie Henshaw Isibor, a native and citizen of Nigeria, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of his application for asylum, statutory withholding of removal, and protection under the Convention Against Torture (CAT). He also has filed a motion for release on bail pending adjudication of the petition for review.

―――――――――――――――――

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Because Isibor is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), the jurisdictional restrictions under 8 U.S.C. § 1252(a)(2)(C) apply. *See Hammerschmidt v. Garland*, 54 F.4th 282, 287 (5th Cir. 2022). Isibor does not brief any argument challenging the BIA's reasons for upholding the denial of asylum, statutory withholding of removal, and protection under the CAT. Because he does not raise any question of law or constitutional claim as to his asylum and statutory withholding claims, we lack jurisdiction to review the denial of those claims. *See* 8 U.S.C. § 1252(a)(2)(C); *Hammerschmidt*, 54 F.4th at 287. Although we have jurisdiction to review Isibor's CAT claim, *see Nasrallah v. Barr*, 590 U.S. 573, 581 (2020), he has abandoned that claim by not briefing any argument challenging its denial, *see Fosu v. Garland*, 36 F.4th 634, 639 (5th Cir. 2022).

We also lack jurisdiction to consider Isibor's challenges to his detention. His motion and the arguments in his brief challenging his detention are moot because he has been removed from the United States and thus is no longer in custody. *See Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019).

Accordingly, the petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part, and Isibor's motion is DISMISSED.